IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IRETHA WILLIAMS ALLEN, § | |
| § | |
| Plaintiff, § | Case No. 2:13-CV-00278-JRG |
| § | |
| V. § | FIRST AMENDED COMPLAINT |
| § | |
| BUFFCO PRODUCTION, INC., FRANK § | |
| BUFKIN, III, E.N. SMITH § | |
| PRODUCING, INC., and EDWARD N. § | |
| SMITH III, § | |
| § | |
| Defendants. § | |

## FIRST AMENDED COMPLAINT

Plaintiff Iretha Williams Allen, ("Plaintiff"), files this First Amended Complaint against Buffco Production, Inc., Frank Bufkin, III, E. N. Smith Producing, Inc., and Edward N. Smith, III, and states the following in support thereof.

### PARTIES AND SERVICE OF PROCESS

1.  Plaintiff, Iretha Williams Allen is an individual citizen and resident of Rockdale County, Georgia, who may be served for all purposes in this case through the undersigned attorney of record.

2.  Defendant Buffco Production, Inc. ("Buffco") is a Texas corporation which may be served through its registered agent for service, Frank M. Bufkin, III at 4000 Highway 31 North, Kilgore, Texas 75662. Defendant Buffco Production, Inc. is a citizen of the State of Texas because it is incorporated in Texas, conducts the vast majority of its physical operations in Texas, and has its principal place of business in Texas.

3.     Defendant Frank M. Bufkin, III ("Bufkin") is an individual citizen who regularly conducts business in Harrison County, Texas who may be served at his place of business at 4000 Highway 31 North, Kilgore, Texas 75662.  References in this complaint to the "Bufkin Defendants" or the "Buffco Defendants" are to Defendants Buffco Production, Inc. and Frank M. Bufkin, III.

4.     Defendant E. N. Smith Producing, Inc. ("E. N. Smith Producing")  is a Texas corporation  which may be served through its registered agent for service, Edward N. Smith III, at 2900-B Victory Dr., Marshall TX 75671-0500.  Defendant E. N. Smith Producing, Inc. is a citizen of the State of Texas because it is incorporated in Texas, conducts the vast majority of its physical operations in Texas, and has its principal place of business in Texas.

5.     Defendant Edward N. Smith III ("Smith")  is an individual citizen and resident of Harrison County, Texas who may be served at his place of business at 2900-B Victory Dr., Marshall TX 75671-0500.  References in this Complaint to the "Smith Defendants" are to Defendants E. N. Smith Producing, Inc., Edward N. Smith III, and Smith Producing, Inc.

6.     Smith Resources, Inc. is a Texas corporation which may be served through its registered agent for service, Edward N. Smith III, at 2900-B Victory Dr., Marshall TX 75671-0500.  Defendant Smith Producing, Inc. is a citizen of the State of Texas because it is incorporated in Texas, conducts the vast majority of its physical operations in Texas, and has its principal place of business in Texas.  Smith Resources, Inc. bears Railroad Commission Operator P-5 No. 796160, and Plaintiff cannot tell from current public records or Defendants' disclosures whether Smith Resources, Inc. is a different corporation, or merely a colloquial ly shortened name for Defendant E. N. Smith Resources, Inc.

7. Defendant Peak Energy Corporation ("Peak") is a Texas corporation which may be served on its registered agent for service at 1800 Preston Park Blvd, Suite 112, Plano, Texas 75093.  Defendant Peak bears Railroad Commission Operator P-5 No. 647135 and conducts business regularly in Texas.

8. Defendant Devon Energy Production Co., L.P. ("Devon") is an Oklahoma Limited Partnership registered to conduct business in Texas.  It may served through its registered agent for service in Texas, CT Corporation System, 350 St. Paul, Suite 2900, Dallas TX 75201.  Defendant Devon bears Railroad Commission Operator P-5 No. 216378.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this case under 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the Plaintiff and all Defendants, and because the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in this district under 28 U.S.C. §1391(a)(1) because this is the district of residence of Defendants, and all Defendants reside in Texas.  Each Defendant corporation is deemed to reside in this district because they are subject to personal jurisdiction in this district at present.

11. Venue also is proper in this district under 28 U.S.C. §1391(a)(2) because a substantial amount of the events giving rise to Plaintiff's claims occurred in this district and because a substantial amount of the property at issue in this case is situated.

## FACTS

12. Plaintiff owns 100% of the surface rights, some by informal agreement for the benefit of non-owner family members, and approximately 30% of all mineral rights on approximately 212 acres in Harrison County, Texas, (the "Williams Land"), which is more

completely described in the attached <u>Exhibit A</u>.  The Williams Land has been in Plaintiff's family for over 100 years.  In March, 1947, Plaintiff's family members who owned the Williams Land at the time executed an Oil, Gas and Mineral Lease identifying E. C. Johnston as Lessee (the "1947 Lease").  Under the 1947 Lease, Plaintiff's predecessor family members leased all of their mineral interests to Mr. Johnston.

13. Plaintiff owns a share of the minerals at issue in this case purely in her individual capacity.  In addition, Plaintiff, as trustee of a revocable trust, is the immediate successor to the mineral and surface rights of the following individuals:

| | | |
|---|---|---|
| Larncell Williams, Sr. | Laurine Williams, Jr. | Margaret Williams Crowe |
| Tommy Williams | Bobbie Williams Chavers | Willie J. Williams |
| Orestia Williams | Charles Williams | Rickey Williams |
| Walter Williams | Frantz Guignard | Nicole Arrington |
| Tawanna Arrington. | | |

Plaintiff is the assignee of all rights in the real property previously owned by the listed individuals, and assignee of the claims against Defendants associated with their encroachment upon the realty of Plaintiff and the named individuals.

14. Since the execution of the 1947 Lease, there has been no other lease of Plaintiff's mineral interest on the Williams Land that was validly executed by an authorized person.

15. On the Williams Land, Defendants Buffco Production, Inc. and Frank M. Bufkin, III conduct oil production operations, and gas production is currently conducted by Defendants E.N. Smith Producing, Inc., Smith Producing, Inc., and Edward N. Smith, III.  The mineral interests of Plaintiff in the Williams Land also are part of designated units of which Defendants Devon and Peak are the current operators.

16. Since 1947, there have been at least four oil wells and one gas well drilled on Plaintiff's land.  Plaintiff and her predecessor family members have been paid royalties on only

two oil wells, which such payments include a small amount for casinghead gas.  Oil well number 4 – now shut in – was on the Williams Land, but has been fenced off by the Smith Defendants as though it were on an adjoining property.  It is not.  The separately fenced off portion of the Williams Land is comprised of 40 acres, and is referred to as the "Williams Land 40 Acres."  Well No. 4 was on the surface owned by Plaintiff, but neither Plaintiff nor her predecessors have ever been paid for any of the production on that well.

17. Defendant Frank M. Bufkin, III has personal knowledge and personally benefits from the conduct alleged against Defendant Buffco Production, Inc.

18. Defendant Edward N. Smith, III has personal knowledge of and personally benefits from the conduct alleged against Defendant E. N. Smith Producing, Inc.

19. In spring, 2011, when asked by Plaintiff to identify the Lease authorizing them to conduct oil drilling operations on the Williams Land, the Buffco Defendants stated that it was the 1947 Lease and upon request, sent Plaintiff a copy of the 1947 Lease.  The Bufkin Defendants knew at the time that they offered the 1947 Lease to Plaintiff as the basis of the right to operate that the 1947 Lease had been set aside by the 1991 case referenced below.  The Bufkin Defendants also knew that Plaintiff and her predecessor family members had a right to be joined as parties to the 1991 case, but were not.

20. The Buffco Defendants' representations regarding their authority under, and the validity of, the 1947 Lease was false when those representations were made, and the Buffco Defendants knew of the falsity of such representations when they made them.

21. The 1947 Lease was extinguished pursuant to a final judgment dated October 2, 1991, in Cause No. 91-0149, which was styled *E. N. Smith III Energy Corp. v. T. F. Patton, Sr.,*

*et al.*, which was filed and disposed of in the 71st Judicial District Court in Harrison County, Texas (the "1991 Case").

22. Defendant Frank M. Bufkin, III was a defendant in the 1991 Case.

23. Defendant E. N. Smith, III knew at all times of the existence and status of the 1991 Case because at all relevant times he owned a controlling stake in the plaintiff entity in that case.

24. Despite the fact that the rights of Plaintiff, her predecessors in interest, and her mineral co-tenants in the Williams Land were ostensibly at issue in the 1991 Case, none of the Lessors on the Williams Land Minerals were made parties to the 1991 Case. This was a direct violation of Tex. Civ. Prac. & Rem. Code §37.006(a).

25. After extinguishment of the 1947 Lease, there is no valid lease on the minerals owned by Plaintiff on the Williams Land.

26. At least as to the parties to the 1991 Case, the 1947 Lease also extinguished any other then-valid leases on the minerals on the Williams Land that are owned by other parties.

27. In reliance upon the Buffco Defendants' representations regarding their authority under and the validity of the 1947 Lease, Plaintiff and her predecessors in interest in the Williams Land allowed the Buffco Defendants to continue producing oil and casinghead gas on the Williams Land. This resulted in damages to Plaintiff and her predecessors because they lost oil and casinghead gas that belong to them but was taken by the Buffco Defendants.

28. The drilling practices of Defendants have resulted in substantial pollution on the Williams Land. As a result of the pollution, Plaintiff contacted the Texas Railroad Commission requesting an inspection on the Williams Land. When the inspection was conducted, Plaintiff discussed with the inspector the status of the various wells that are located on the property.

During the conversation, it would have been clear to the inspector that Plaintiff suspected that aside from the lease issues discussed above, Plaintiff questioned by certain wells clearly were active on the Property, but Plaintiffs were not paid any royalties for production of oil and gas on the Williams Land.

29. During the inspection, one of the inspectors placed telephone calls to some or all of the Defendants in the presence of Plaintiff.

30. Within the last month to 9 weeks, after the inspection, the Smith Defendants have removed a storage tank related to well number 4 which had been on the property since approximately the 1950's.

31. Since Plaintiff made her initial inquiries of the Buffco Defendants regarding the mineral production activities on the Williams Land, all Defendants have undertaken to change certain outward indicia of their activities on the Williams Land. Some or all of the Defendants have changed the signage marking the wells, and changed, removed, altered and relocated equipment on the Williams Land.

32. Neither Plaintiff nor her predecessor family members have ever been paid a royalty for any of the gas drilled for and produced on the Williams Land, or for any well of which the Williams Land was – in whole or in part – a portion of a well unit. Moreover, Plaintiffs have only been paid for production on 2 of the 4 or more oil wells on the Williams Land.

33. The Williams Land is all or a part of the operating unit on following wells:

| Defendant Group | Well Name | API | RRC Lease |
|---|---|---|---|
| Smith | Smith-Lindsey #1 | 203-31866 | 135877 |
| Smith | Meredith Smith #A-1 | 203-32111 | 143585 |
| Smith | Smith-Lindsey Gas Unit #2 | 203-00939 | 063323 |
| Smith | Smith-Lindsey #1 | 203-30257 | 071191 |

| Smith | Smith-Lindsey #1 | 203-00940 | 01897, 13538 |
| Smith | Smith-Lindsey Unit #1 | 203-00900 | 01897 |
| Smith | Smith-Lindsey Unit #4T | 203-00901 | 01897 |
| Bufkin | Bob Williams #1 | 203-00924 | 01890 |
| Bufkin | Bob Williams #2T | 203-00922 | 01890 |
| Bufkin | Bob Williams #3 | 203-00923 | 01915 |
| Bufkin | Bob Williams #4 | 203-00896 | 01890 |

Collectively, these are referred to as the Subject Wells. Plaintiff and the named individuals for whom she is trustee and assignee of claims ("Plaintiff") have only been paid royalties by Defendants for production on the leases identified above as Bob Williams well number 1 and 2T.

## CAUSES OF ACTION

**Texas Theft Liability Act: Against the Smith and Bufkin Defendants**

34. Plaintiff incorporates the factual allegations in the remainder of this Complaint into this cause of action. References to "Defendants" in this cause of action are the Smith and Bufkin Defendants.

35. Plaintiff brings this claim under the Texas Theft Liability Act found at Texas Civil Practice & Remedies Code §134.001 et seq. Without Plaintiff's or her predecessor owners' effective consent, Defendants unlawfully appropriated Plaintiff's oil and gas from the Williams Land with the intent to deprive Plaintiff and her predecessor owners of the severed oil and gas. Thus, Defendants' conduct constitutes theft of personal property under Texas Penal Code §31.03, and is actionable under Civ. Prac. & Rem. Code §134.002(2). Defendants undertook the severance and removal of Plaintiff's oil and gas (and that of her predecessors in interest) with the intent to deprive them of their property. As a result, Plaintiff and her predecessors in interest have suffered the loss of oil and gas exceeding $200,000 in value at the time of the offenses. Plaintiff seeks recovery of all of her economic damages.

36. Plaintiff seeks recovery both individually, and as holder of the legal interests of her predecessors in interest in the Williams Land. To the extent necessary, Plaintiff seeks recovery as an "other group" under CPRC §134.002(a), such other group being the owners of the Williams family claims with respect to Defendants' actions.

37. Because Defendants removed minerals from Plaintiff's in bad faith, Plaintiff is entitled recover damages for the minerals' enhanced value. Enhanced value damages will be computed as the value – at the casinghead, or some other reasonable point of valuation as determined by Plaintiff's designated experts, after the minerals have been severed from the Land, and thus become converted personal property – of all minerals removed from the Land by Defendants at the above-listed wells. This value is calculated without deduction for production or transportation costs, and is the price at which the minerals could have been sold at the time they were sold by each Defendant.

38. In the alternative to Plaintiff's claims for recovery of enhanced value damages for removal of minerals, Plaintiff will request recovery of the value *in situ* of the minerals removed from Plaintiff's land by Defendants.

39. In the alternative to enhanced value or *in situ* damages as described above, Plaintiff is entitled to all unpaid royalties on the referenced leases.

40. If Defendants' entry or production on the Land is valid under some lease to which Plaintiffs' interests are not tied, Plaintiff will seek compensation as a carried working interest owner. Deducted from Plaintiff's fair share of production will be her proportionate share of reasonable production costs, not including drilling costs, which are born by the operator.

41. All of the previously pled basis for calculating damages are applicable to all causes of action stated herein.

42. Plaintiff requests recovery of exemplary damages under this cause of action. Defendants' actions were undertaken with malicious intent and a reckless disregard for Plaintiff's rights. Defendants also employed fraudulent means to achieve their actionable ends in connection with this claim. Plaintiff specifically pleads that exemplary damages in this case should be exempt from the cap in CPRC §41.008(b), because the conduct alleged against Defendants with respect to this claim was committed knowingly or intentionally, and constitutes a felony under Chapter 31 of the Penal Code. Thus, the cap exemption in CPRC §41.008(c)(13) applies. Plaintiff also requests Court costs and attorneys' fees under CPRC §134.005(b).

**Texas Theft Liability Act: Against Smith Defendants**

43. Plaintiff incorporates the factual allegations in the remainder of this Complaint into this cause of action. References to "Defendants" in this cause of action are the Smith Defendants.

44. Plaintiff brings this claim against the Smith Defendants under the Texas Theft Liability Act found at Texas Civil Practice & Remedies Code §134.001 et seq. Without Plaintiff's or her predecessor owners' effective consent, the Smith Defendants unlawfully appropriated 40 acres of the surface of the Williams Land with the intent to deprive Plaintiff and her predecessor owners of the real property. Thus, Defendants' conduct constitutes theft of personal property under Texas Penal Code §31.03, and is actionable under Civ. Prac. & Rem. Code §134.002(2). Defendants undertook the encroachment of the Williams Land 40 Acres with the intent to deprive Plaintiff and her predecessors in interest of their real property. As a result, Plaintiff and her predecessors in interest have suffered the loss of the quiet use and enjoyment of their real property exceeding $1,500 in value at the time of the offenses. Plaintiff seeks recovery of all of her economic damages.

45. Plaintiff seeks recovery both individually, and as holder of the legal interests of her predecessors in interest in the Williams Land. To the extent necessary, Plaintiff seeks recovery as an "other group" under CPRC §134.002(a), such other group being the owners of the Williams family claims with respect to the Smith Defendants' actions.

46. Plaintiff requests recovery of exemplary damages under this cause of action. The Smith Defendants' actions were undertaken with malicious intent and a reckless disregard for Plaintiff's rights in the Williams Land 40 Acres. The Smith Defendants employed fraudulent means to achieve their actionable ends in connection with this claim. Plaintiff specifically pleads that exemplary damages in this case should be exempt from the cap in CPRC §41.008(b), because the conduct alleged against the Smith Defendants with respect to this claim was committed knowingly or intentionally, and constitutes a felony under Chapter 31 of the Penal Code. Thus, the cap exemption in CPRC §41.008(c)(13) applies. Plaintiff also requests Court costs and attorneys' fees under CPRC §134.005(b).

**Conversion: Against All Defendants**

47. Plaintiff incorporates the factual allegations in the remainder of this Complaint into this cause of action.

48. Plaintiff owns and has immediate right of possession to a fractional share of all of the oil and gas being extracted from the Williams Land, which such oil and gas is personal property. Defendants have wrongfully exercised dominion and control of the oil and gas taken from the Williams Land, and Plaintiff has suffered injury as a result of her being deprived of this property.

49. As to all oil and gas extracted by Defendants from the Williams Land, that remains in the possession, custody or control of any Defendants or their affiliates, Plaintiff

requests the return of such oil and gas as part of her remedy. Plaintiff requests that she be awarded money in an amount sufficient to compensate her for all actual losses suffered by her and her predecessors in interest in the Williams Land, which such damages exceed the market value of the oil and gas, including interest.

50. Plaintiff also seeks exemplary damages against Defendants because Defendants' wrongful actions were wanton and malicious. Defendants knew that Plaintiff had the rights to the property converted, and sought through fraud and subterfuge, to deprive Plaintiff of her property.

**Trespass: Against All Defendants Regarding Drilling Activities**

51. Plaintiff incorporates the factual allegations in the remainder of this Complaint into this cause of action.

52. Plaintiff owns and has a present right of possession of the Williams Land. Defendants have made and continue to make numerous entries upon the Williams Land which are physical, intentional, and voluntary. Defendants' employees and affiliates have made repeated personal physical entries on the Williams Land. Defendants also have placed oil and gas production and gathering equipment on the Williams Land. Defendants actions in this regard have been completely without authority since the 1947 Lease and other relevant leases were terminated by the final judgment in the 1991 Case. Defendants' actions have caused, and are continuing to cause injury to Plaintiff's right of possession to the Williams Land.

53. Plaintiff also seeks exemplary damages against Defendants because Defendants' wrongful actions were and continue to be malicious. Defendants know that Plaintiff has the exclusive right of possession of the Williams Land, but sought through fraud and subterfuge, to deprive Plaintiff of her rights of possession of the Williams Land.

**Trespass: Against Smith Defendants Regarding Encroachment on 40 Acres**

54. Plaintiff incorporates the factual allegations in the remainder of this Complaint into this cause of action.

55. Plaintiff owns and has a present right of possession of the Williams Land 40 Acres being encroached by a fence by the Smith Defendants. With both personal entries by employees and affiliates, and with the use of drilling equipment and encroaching fencing, the Smith Defendants have made and continue to make numerous entries upon the Williams Land 40 Acres which are physical, intentional, and voluntary. The Smith Defendants' actions have caused, and are continuing to cause injury to Plaintiff's right of possession to the Williams Land 40 Acres.

56. Plaintiff also seeks exemplary damages against the Smith Defendants because their wrongful actions were and continue to be malicious. The Smith Defendants know that Plaintiff has the exclusive right of possession of the Williams Land 40 Acres, but have sought through fraud to deprive Plaintiff of her rights of possession of the Williams Land 40 Acres.

**Fraud: Against the Smith and Bufkin Defendants**

57. Plaintiff incorporates the factual allegations in the remainder of this Complaint into this cause of action.

58. The Buffco Defendants falsely represented to Plaintiff that the 1947 Lease was valid, and that it constituted the basis of the Defendants' production activities on the Williams Land. The Buffco Defendants knew at the time that this representation was false because they knew that the 1947 Lease had been extinguished by the final judgment in the 1991 Case. The

Buffco Defendants made these false representations to Plaintiff with the intent that Plaintiff continue to allow all Defendants to continue occupying and conducting mineral extraction operations on the Williams Land. The Smith Defendants knew of and benefited from the Buffco Defendants' misrepresentations. Plaintiff reasonably relied on these representations in not pursuing legal or other action to eject Defendants from the Williams Land.

59. As a result of the Buffco Defendants' misrepresentations, Plaintiff suffered the loss of her minerals extracted after her reliance, and the loss of her quiet use and enjoyment of the Williams Land. Plaintiff requests recovery of all her damages for this fraud against all Defendants.

60. Plaintiff also will demonstrate the commission of this fraud by clear and convincing evidence, and requests exemplary damages upon such proof.

**Declaratory Judgment Actions**

61. Plaintiff incorporates the factual allegations in the remainder of this Complaint into this cause of action.

62. In addition to her legal claims set forth above, Plaintiff brings this suit for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202. There is a case or controversy between Plaintiff and all Defendants because Plaintiff contends that Defendants' oil and gas production operations and Defendants' ongoing presence on the Williams Land have occurred since 1991, and are occurring, with absolutely no authorization under any current lease relating to the Williams Land minerals. There also is a current controversy over the Smith Defendants' placement of a fence segregating the Williams Land 40 Acres from the rest of the Williams Land.

63. To allow the parties to proceed with respect to the Williams Land, the Williams Land 40 Acres, and the oil and gas both extracted and unextracted from the Williams Land, Plaintiff requests the following declaratory judgments from the Court:

    a. that there is no currently valid lease relating to the Williams Land minerals authorizing Defendants' presence on, or extraction of minerals from, the Williams Land;

    b. that there has been no currently valid lease relating to the Williams Land minerals authorizing Defendants' presence on, or extraction of minerals from, the Williams Land; and

    c. that the surface rights to the Williams Land 40 Acres belong to Plaintiff.

64. Plaintiff requests her reasonable and necessary attorneys' fees and court costs in bringing this declaratory judgment action.

65. Plaintiff further requests positive equitable relief sufficient to restore to Plaintiff the possessory rights a declaration of which is sought in this declaratory judgment action.

## JURY DEMAND

66. Plaintiff demands a jury and tenders the appropriate fee.

## REQUEST FOR RELIEF

On the basis of the foregoing, Plaintiff asks that the Court grant judgment against Defendants for all the relief set forth in the causes of action described in this Complaint.

Respectfully submitted,

**K. HOLLINGSWORTH & ASSOC., P.C.**


By:  /S/ Kelly D. Hollingsworth
    Kelly D. Hollingsworth
    Texas Bar No. 00793966

17311 Dallas Parkway, Suite 115
Dallas, Texas 75248
kelly@khollingsworthlaw.com
(972) 386-8600
(972) 386-8616 – fax

**ATTORNEY FOR PLAINTIFF**

**Certificate of Service**

    This certifies that a copy of the foregoing is being served upon counsel of record for all parties in accordance with ECF requirements on October 31, 2013.


    /S/ Kelly D. Hollingsworth
    Kelly D. Hollingsworth